### HERMAN v. METROPOLITAN ST. RY. CO.

·(Circuit Court, S. D. New York. January 24, 1903.)

1. ATTORNEY AND CLIENT—CONTINGENT FEES—VALIDITY OF CONTRACT.
  A contract between plaintiff and his attorney by which plaintiff agreed to pay the attorney 50 per cent. of any recovery for injuries to plaintiff, and, in addition, to pay all the disbursements, was unconscionable and void.

2. SAME—LIEN OF ATTORNEY—PROSECUTION OF SUIT AFTER SETTLEMENT.
  Where, in an action for injuries, plaintiff's attorney served notice of a lien for his compensation, and plaintiff settled the case with defendant, before trial, without the attorney's consent, whereupon the attorney continued the prosecution for his fees, and a verdict was rendered assessing plaintiff's damages at $500, the attorney was entitled to recover from such amount the reasonable value of his services actually rendered, whereupon the balance of the recovery would be remitted.

Henry L. Franklin, for the motion.
Henry A. Robinson, opposed.

LACOMBE, Circuit Judge. This cause was tried after plaintiff had settled it with defendant, receiving a sum satisfactory to himself

¶ 1. See Champerty and Maintenance, vol. 9, Cent. Dig. § 26.

and executing a general release, which was set up in a supplemental answer. The settlement and release was without notice to plaintiff's attorney, who had served notice of lien for his compensation. The jury found, in answer to specific questions, that defendant was negligent, that plaintiff was free from negligence, and that the amount of damage sustained by the plaintiff was $500. Testimony has since been taken to show for what amount the lien of plaintiff's attorney should be sustained. He undertook to prove that he had a contract with plaintiff for 50 per cent. of any recovery, the plaintiff to pay all disbursements. The only evidence to support this proposition is his own testimony, which the plaintiff contradicts. The court is not satisfied that such a contract was made, but, if it were, it was so utterly unconscionable as to be void. Matter of Fitzsimons (Sup.) 79 N. Y. Supp. 194. The action was to recover damages for injuries resulting from an ordinary street accident, a collision between a car and a truck. To constrain or persuade a client into agreeing to give half the recovery, and to pay all the disbursements besides for preparing and trying such a case, is an abuse of confidence, which, in the language of the case cited, "it would not be in the interest of public policy or professional ethics" to approve.

The services actually rendered seem to be fairly worth about $150. Inasmuch as plaintiff has released his claim, no verdict can be rendered giving him any part of the damages found; he has already been paid them. Verdict, however, will be directed for $150, to which and to the judgment thereon the lien of plaintiff's attorney will attach. Inasmuch as the recovery is less than $500, the judgment will be without costs.